THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WEIMIN CHEN,
for Himself, as a Private Attorney General, and/or On Behalf Of All Others Similarly Situated,

    Plaintiff,

v.

LAMPS PLUS, INC.,
and DOES 1-20, inclusive,

    Defendants.

No. 2:19-cv-00119-MJP

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**

On February 25th, 2020, this Court heard Plaintiff Weimin Chen's motion for preliminary approval of class settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure. This Court reviewed the motion, including the Settlement Agreement and Release ("Settlement Agreement"). Based on this review and the findings below, the Court finds good cause to grant the motion.[1]

**FINDINGS:**

**1.** The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations with defendant Lamps Plus, Inc. and falls within the range of possible approval as fair, reasonable and adequate. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (granting preliminary approval where the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval").

**2.** The Full Notice, Email Notice, Mail Notice, and Claim Forms (attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise Class Members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

**3.** For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

**4.** For settlement purposes only, Plaintiff's claims are typical of the Class's claims.

**5.** For settlement purposes only, there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members.

**6.** For settlement purposes only, Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

7. Lamps Plus filed a copy of the notice it gave on [Month] [Date], 2019 pursuant to 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

**IT IS ORDERED THAT:**

1. **Settlement Approval**. The Settlement Agreement, including the Full Notice, Email Notice, Mail Notice, and Claim Forms, attached to the Settlement Agreement as Exhibits B-F are preliminarily approved.

2. **Provisional Certification**. The Class is provisionally certified as: All Lamps Plus customers who purchased in the State of Washington from a Lamps Plus retail store or the Lamps Plus website from January 4, 2015, through the date of preliminary approval, one or more Lamps Plus branded, trademarked or otherwise proprietary merchandise which Lamps Plus advertised with a "Compare" or "Compare At" reference price. Excluded from the Class are Lamps Plus's Counsel, Lamps Plus's officers, directors and employees, and the judge presiding over the Action.

3. **Provision of Class Notice**. Lamps Plus will notify Class Members of the Settlement in the manner specified under Section 2.3.2 of the Settlement Agreement.

4. **Conditional Appointment of Class Representative and Class Counsel**. Plaintiff Weimin Chen is conditionally certified as the Class Representative to implement the Parties' settlement in accordance with the Settlement Agreement. The law firm of Hattis & Lukacs is conditionally appointed as Class Counsel. Plaintiff and Class Counsel must fairly and adequately protect the Class's interests.

5. **Claim for a Voucher or Settlement Check**. Class Members who want to receive a Voucher or settlement check under the Settlement Agreement, must accurately complete and deliver a Claim Form to the Claims Administrator, no later than ninety (90) days after Defendant, through the Claims Administrator first issues Notice to the Class.

6. **Objection to Settlement**. Class Members who have not submitted a timely written exclusion request pursuant to Paragraph 8 below and who want to object to the Settlement Agreement must deliver written objections to the Claims Administrator no later than May 25, 2020. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as

evidenced by the postmark. The objection must include: **(1)** the name and case number of the Action; **(2)** the Class Member's full name, address, and telephone number; **(3)** the words "Notice of Objection" or "Formal Objection"; **(4)** in clear and concise terms, the legal and factual arguments supporting the objection; **(5)** facts supporting the person's status as a Class Member (e.g., the date and location of his/her relevant purchases and description of the item(s) purchased); and **(6)** the Class Member's signature and the date. Any Class Member who submits a written objection, as described in this section, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees. Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing, however, must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who submit timely objections containing Notices of Intention to Appear may speak at the Fairness Hearing.

**7. Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

**8. Requesting Exclusion**. Class Members who want to be excluded from the Settlement must send a signed letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action; (b) the full name, address, and telephone number of the person

requesting exclusion; and (c) a statement that the person does not wish to participate in the Settlement, postmarked no later than May 25, 2020.

**9. Termination**. If the Settlement Agreement terminates for any reason, the following will occur: (a) Class Certification will be automatically vacated; (b) Plaintiff will stop functioning as Class Representative; (c) Class Counsel will stop functioning as Class Counsel; and (d) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments.

**10. No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

**11. Stay of Dates and Deadlines.** All discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

**12. CAFA Notice.** The Court finds that Lamps Plus has complied with 28 U.S.C. § 1715(b).

**13. Further Procedures.** Counsel for the Parties are hereby authorized to agree to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

**14. Fairness Hearing**. On August 11, 2020, at 10 a.m., this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Based on the date of this Order and the date of the Fairness Hearing, the following are the certain associated dates in this Settlement:

| Event | Timing |
|---|---|
| Notice Date [Last day for Defendant, through the Claims Administrator, to send initial Email Notice, Mail Notice, and start operating Settlement Website] | March 26, 2020 |
| Last day for Plaintiff to file fee petition | April 27, 2020 |
| Last day for Class Members to request exclusion or object to the Settlement | May 25, 2020 |
| Last day for Parties to file briefs in support of the Final Order and Judgment | July 13, 2020 |
| First day Final Fairness Hearing can be set | August 11, 2020 at 10 a.m. |
| Last day for Class Members to file a Claim to the Settlement | June 24, 2020 |

This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website but other than the website posting Lamps Plus will not be required to provide any additional notice to Class Members.

IT IS SO ORDERED.

DATED: February 25, 2020.

Marsha J. Pechman
United States District Judge