THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEIMIN CHEN,<br>for Himself, as a Private Attorney General, and/or On Behalf Of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>  v.<br><br>LAMPS PLUS, INC.,<br>and DOES 1-20, inclusive,<br><br>                      Defendants. | No. 2:19-cv-00119-MJP<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

FINAL APPROVAL ORDER AND JUDGMENT- 1
19-CV-00119-MJP

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

On February 25, 2020, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Dkt. 33) of the Settlement between Plaintiff Weimin Chen, on his own behalf and on behalf of the Settlement Class, and Defendant Lamps Plus, Inc. ("Lamps Plus" or "Defendant"), as memorialized in Exhibit 1 (Dkt. 31-1) to the Declaration of Daniel Hattis in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. 31); [1]

On April 9, 2020, pursuant to the notice requirements set forth in the Settlement and Preliminary Approval Order, the Settlement Class was apprised of the nature and pendency of this Action, the terms of the Settlement, and their rights to submit a claim, request exclusion, object, and/or appear at the Final Approval Hearing;

On April 28, 2020, Plaintiff filed his Motion for an Award of Attorney's Fees and Costs (Dkt. 38), which the Court subsequently granted in full on May 19, 2020, after determining that the attorneys' fees award and Plaintiff's incentive award were both fair and reasonable;

On July 13, 2020, Plaintiff filed his Motion for Final Approval of Class Action Settlement (the "Final Approval Motion") and accompanying Declaration of Daniel Hattis, along with supporting exhibit; additionally, Plaintiff filed a declaration from the Claims Administrator (Declaration of Angie Birdsell) confirming that the Class Notice was completed in accordance with the Parties' instructions and Preliminary Approval Order;

On August 11, 2020, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the Complaint with prejudice. Based on the declaration from the Claims Administrator, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of, or in opposition to, the proposed Settlement, the award of attorneys' fees, costs, and expenses, and the payment of an incentive award to Plaintiff. Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

FINAL APPROVAL ORDER AND JUDGMENT- 2
19-CV-00119-MJP

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

Counsel and counsel for Lamps Plus, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, Plaintiff's Final Approval Motion is **GRANTED**, and:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class. The Court also has personal jurisdiction over the Parties and Settlement Class Members.

2. The Settlement was entered into in good faith following arm's-length negotiations before an experienced mediator and is non-collusive.

3. The Settlement is, in all respects, fair, reasonable, and adequate, in the best interests of the Settlement Class Members, satisfies Rule 23 of the Federal Rules of Civil Procedure, and therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4. This Court grants final approval of the Settlement, including, but not limited to, the releases in the Settlement and the plans for distribution of the Settlement relief. In finding that the Settlement is, in all respects, fair, reasonable, and in the best interest of the Settlement Class, all Settlement Class Members who have not opted-out are bound by the Settlement and this Final Approval Order and Judgment.

5. The Settlement and every term and provision thereof shall be deemed incorporated herein, as if explicitly set forth herein, and shall have the full force of an order of this Court.

6. The Parties shall effectuate the Settlement in accordance with its terms.

**OBJECTIONS AND OPT-OUTS**

7. No objections were filed by Settlement Class Members.

FINAL APPROVAL ORDER AND JUDGMENT- 3
19-CV-00119-MJP

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

8. All persons who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

9. A list of two putative Settlement Class Members who have timely and validly elected to opt-out of the Settlement and Settlement Class, in accordance with the requirements in the Settlement, has been submitted to the Court in the Declaration of Angie Birdsell, filed in advance of the Final Approval Hearing. Such list is attached as Exhibit A to this Order. The two persons listed in Exhibit A are not bound by the Settlement or this Final Approval Order and Judgment, and are not entitled to any of the benefits under the Settlement. The persons listed in Exhibit A shall be deemed not to be Class Releasors.

## **CLASS CERTIFICATION**

10. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All Lamps Plus customers who purchased in the State of Washington from a Lamps Plus retail store or the Lamps Plus website from January 4, 2015, through the date of preliminary approval, one or more Lamps Plus branded, trademarked or otherwise proprietary merchandise which Lamps Plus advertised with a "Compare" or "Compare At" reference price. Excluded from the Class are Lamps Plus's Counsel, Lamps Plus's officers, directors and employees, and the judge presiding over the Action.

11. The Court determines that, for settlement purposes, the Settlement Class meets all the requirements of Rule 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the Settlement Class Representative are typical of absent Settlement Class Members; the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class, as it has no interests antagonistic to or in conflict with the Settlement Class, and has retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy.

12. The Court grants final approval to the appointment of Plaintiff Weimin Chen as the Settlement Class Representative. The Court concludes that the Settlement Class Representative has fairly and adequately represented the Settlement Class and will continue to

FINAL APPROVAL ORDER AND JUDGMENT- 4
19-CV-00119-MJP

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

do so.

13. The Court grants final approval to the appointment of Hattis & Lukacs as Class Counsel pursuant to Rule 23(g). The Court concludes that Class Counsel have adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE SETTLEMENT CLASS

14. The Court finds that the Class Notice, as set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, satisfied Rule 23(c)(2), was the best notice practicable under the circumstances, was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the Final Approval Hearing, and satisfied all other requirements of the Federal Rules of Civil Procedure and all other applicable laws.

15. The Court finds that Lamps Plus has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

16. The Claims Administrator Costs, as well as all other costs and expenses associated with notice and claims administration, will continue to be paid by Lamps Plus as provided in the Settlement.

## ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARD

17. On May 19, 2020, the Court granted Plaintiff's motion for attorneys' fees and costs, granting the requests for $300,000 in attorneys' fees, costs and expenses, and for a $5,000 incentive award to Plaintiff Weimin Chen. (Dkt. 40).

## OTHER PROVISIONS

18. The Parties to the Settlement shall carry out their respective obligations thereunder.

19. Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members who have submitted valid Claim Forms, pursuant to the terms of the Settlement.

FINAL APPROVAL ORDER AND JUDGMENT- 5
19-CV-00119-MJP

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

20. Upon entry of the Judgment, Class Releasors shall waive and forfeit, and be deemed to have fully, finally, and forever released and discharged all Class Released Claims against all Released Parties. Class Released Claims means all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which the Class Members have or may have, arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in the Complaint, or any preceding version thereof filed in the Action, including, but not limited to, any and all claims related in any way to the advertisement of reference prices by Lamps Plus, Inc. or any of its subsidiaries or affiliates.

21. In addition to Class Released Claims, upon entry of the Judgement, Plaintiff Weimin Chen, and each of his successors, assigns, legatees, heirs, and personal representatives release and forever discharge the Released Parties, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent.

22. The Settlement Class Representative and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any Released Parties or prosecuting any claim based on any actions taken by any Released Parties that are authorized or required by this Settlement or the Final Approval Order and Judgment. It is further agreed that the Settlement and/or this Final Approval Order and Judgment may be pleaded as a complete defense to any proceeding subject to this section.

23. This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement, are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Lamps Plus of any claim, fact alleged in the Action, fault, wrongdoing, violation of law, or liability of any kind on the part of Lamps Plus or of the validity or certifiability for litigation of any claims that have

FINAL APPROVAL ORDER AND JUDGMENT- 6
19-CV-00119-MJP

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

been, or could have been, asserted in the Action.

24. This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; ***provided, however,*** that nothing in the foregoing, Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

25. The Settlement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who did not validly opt-out, or any other person subject to the provisions of this Final Approval Order and Judgment.

26. The Court hereby dismisses the Action and Complaint and all claims therein on the merits and with prejudice.

27. Consistent with the Settlement, if the Final Settlement Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action, as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Action as if the Agreement had never been entered

FINAL APPROVAL ORDER AND JUDGMENT- 7
19-CV-00119-MJP

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

28. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

29. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties, with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party and resolution of any disputes that may arise, relating in any way to and arising from the implementation of the Settlement or this Final Approval Order and Judgment.

IT IS SO ORDERED.

Marsha J. Pechman
United States District Judge

Dated this 13th day of August, 2020

Presented by:

HATTIS & LUKACS

By: */s/ Daniel Hattis*
Daniel M. Hattis, WSBA No. 50428
dan@hattislaw.com
Che Corrington, WSBA No. 54241
che@hattislaw.com
HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
Telephone: 425.233.8628
Facsimile:  425.412.7171

Attorneys for Plaintiff Weimin Chen
And the Proposed Class

FINAL APPROVAL ORDER AND JUDGMENT- 8
19-CV-00119-MJP

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FINAL APPROVAL ORDER AND JUDGMENT- 9
19-CV-00119-MJP

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com